IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

LIONEL HONG-LONG,

       Defendant.

Criminal No. 22-0210
ELECTRONICALLY FILED

**ORDER ON MOTION IN LIMINE (ECF 119)**

Before the Court is Defendant's Motion in Limine (ECF 119) seeking: (1) to exclude narration or commentary of dashcam or bodycam video evidence by government witnesses, permitting only authentication and chain of custody testimony; (2) precluding any expert testimony regarding "drug jargon" absent a Rule 702 and Daubert showing of reliability and relevance; and (3) if such expert testimony is allowed, provide contemporaneous and final jury instructions delineating the boundaries of lay and expert testimony. The Government filed a response to these motions (ECF 124) making the matters ripe for disposition.

**1. Defendant's motion to exclude narration or commentary of dashcam or bodycam video evidence by Government witnesses; only permitting authentication and chain of custody testimony**

Defendant asserts that the Best Evidence Rule (Fed. R. Evid. 1002) and several cases, notably two decisions from the United States Court of Appeals for the Third Circuit (*United States v. Chandler,* 326 F.3d 210 (3d Cir. 2003) and *United States v. Bennett,* 363 F3d 947 (3d Cir. 2004)), along with Fed. R. Evid. 403, support a decision to prohibit the Government from presenting any narration or commentary from a Government witness during the display of the video evidence of body cam and dashcam footage to the jury. The Government disagrees that

the caselaw cited by Defendant supports Defendant's request, and further counters that its own Court of Appeals' caselaw (*United States v. Brown*, 754 Fed.Appx. 86, 89 (3d. Cir. 2018)), is more on point and permits narration by a witness.

The Court has reviewed the cases and concludes as follows:

Defendant's motion will be granted in part and denied in part. The Court agrees that "running" narration or commentary of any video by a witness is inappropriate, given that the video itself is, in fact, the best evidence, and the jury must be able to draw their own conclusions or infer facts from what they observe. However, as noted by the Court of Appeals for the Third Circuit in *Brown*, when a witness extensively reviews footage, and when the witness' observations are rationally based on his or her own perceptions, and when the witness' observations serves to highlight something the jury cannot clearly see while viewing the footage at normal speed, commentary and/or narration on that discreet matter is admissible because it aids the trier of fact.

Using the above as a guide, the Court grants in part and denies in part this motion by allowing commentary/narration by a Government witness: (1) as long as is it is not "running" commentary/narration given throughout the entire length of a video, and (2) as long as the commentary/narration is offered by a witness who extensively reviewed the footage and will testify under oath that his/her comment or narrative is necessary to highlight that which a jury will not be able to clearly see viewing the footage at normal speed upon a single viewing.

**2. Defendant's motion to exclude testimony interpreting "drug jargon" or coded language unless the Government fully complies with Fed. R. Evid. 702 and *Daubert***

This part of Defendant's Motion will be denied. "[I]t is well established that experienced government agents may testify to the meaning of coded drug language under Fed.R.Evid. 702."

*United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999). "Because the primary purpose of coded drug language is to conceal the meaning of the conversation from outsiders through deliberate obscurity, drug traffickers' jargon is a specialized body of knowledge and thus an appropriate subject for expert testimony." *Id.*

Moreover, the Government in its response noted that it would be calling FBI Task Force Officer, Justin Simoni, "as an expert witness to present specialized testimony on drug trafficking in general and trafficking of cocaine, crack cocaine, and methamphetamine. Additionally, TFO Simoni, will present specialized testimony concerning words and phrases having certain meanings within the drug trafficking world." Importantly, the Government's response indicates that "TFO Simoni was not part of the investigation into the defendant's criminal activity" and therefore, he will not serve as both a lay and expert witness.

The Court, as it always has, will ensure that the Government complies with all aspects of Fed.R.Evid. 702 relative to all expert testimony, including the testimony of TFO Simoni. Because expert testimony is permissible to assist the jury in "decoding" the drug language used by Defendant and others, and because the Government's expert witness – TFO Simoni -- will not also be testifying as a lay witness the Court denies this Motion.

SO ORDERED, by the Court this 3rd day of October, 2025.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:    All counsel of record