IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

LIONEL HONG-LONG,

       Defendant.

Criminal No. 22-0210
ELECTRONICALLY FILED

### ORDER OF COURT
### ON DEFENDANT'S ORAL MOTIONS MADE DURING THE PRETRIAL CONFERENCE

On October 7, 2025, this Court held a pretrial conference for the Parties to discuss the upcoming jury trial on the eight-count indictment brought by the Government against the sole Defendant, Lionel Hong-Long. Trial is scheduled to begin with jury selection starting at 9:00 am on October 27, 2025.

**1. Defendant's Oral Motion for a Non-Jury Trial**

During this pretrial conference, Mr. Hong-Long expressed on a few occasions that he did not understand something, and either his counsel, or this Court, depending on the matter about which he did not understand, explained or restated the matter. However, during one of the exchanges, Defendant asked the Court for a non-jury trial.

Defendant's attorney, who was obviously surprised by Defendant's request, attempted to explain to Defendant that as his counsel he would not recommend a non-jury trial, and asked the Court for more time to speak to Defendant in greater detail concerning a jury versus non-jury

criminal trial. Counsel for the Government said the Government would have no objection to a non-jury trial should Defendant decide to pursue that avenue of justice. Given Government's concession and Defendant's counsel's request to speak with his client further about trying the case in a non-jury fashion, the **Court deferred ruling on the issue**, to ensure Defendant had adequate time to talk to his attorney about giving up his rights to a jury trial. Should Defendant, after consultation with his counsel, still desire a non-jury trial, Defense counsel is instructed to file written motion requesting same and in that motion, provide an explanation of the steps counsel took to ensure that Defendant's waiver was informed, knowledgeable, and voluntary. If the Government continues to have no objection to a jury trial Defendant's motion should also state same.

**2. Defendant's Oral Motion for New Counsel**

Next, Defendant asked the Court about the possibility of obtaining new counsel. During the pretrial conference, Defendant expressed to the Court that he was having difficulty communicating with his attorney. Primarily, Defendant referred to "evidence" that he claimed his attorney seemed to be ignoring despite his attempts to have his attorney acknowledge the existence of this evidence. In addition, Defendant made a few vague comments about his attorney's purported unresponsiveness.

The Sixth Amendment to the United States Constitution guarantees indigent defendants the right to court-appointed counsel. *United States of America v. Hodge*, 870 F.3d 184, 201, (3d Cir. 2017). That right, however, has limits. "There's no absolute right to a particular counsel." *United States of America v. Welty*, 674 F.2d 185, 188, (3d Cir. 1982). "The essential aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant rather than to

ensure that a defendant will inexorably be represented by a lawyer whom he prefers." *Wheat v. United States of America*, 486 U.S. 153, 159 (1988).

A motion for new counsel such as the oral motion made by Defendant during the pretrial conference may only be granted where "good cause" is shown, such as a "conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with the attorney." *Welty*, 674 F.2d at 188. "Although the inquiry must be pursued delicately, a judge can determine whether a defendant's differences with counsel present substantial problems, such as a conflict of interest or a complete breakdown in communication, without delving into the merits of defendant's legal position or the content of his conversation with counsel." *Id.* at 190.

Notably, "disagreements over legal strategy does not constitute good cause for substitution of counsel," *United States of America v. Gibbs*, 190 F.3D 188, 207, n. 10, (3d Cir. 1999). Further, "a lawyer has a duty to give the accused an honest appraisal of his case," and "that a criminal defendant views this sort of frank advice as prejudgment of guilt does not thereby convert good representation into good cause." *McKee v. Harris*, 649 F.2D 927 AT 932, (2d Cir. 1981).

Defendant's statements during the pretrial conference fell short of demonstrating "good cause" to the Court, and for these reasons, the **Defendant's oral motion or new counsel was and is denied**.

SO ORDERED, by the Court this 8th day of October, 2025.

                                             s/ Arthur J. Schwab
                                             Arthur J. Schwab
                                             United States District Judge

cc:    All counsel of record